Curtis E. Smolar (SBN 194700)
E: Curtis@corexlegal.com
**CORE X LEGAL P.A.**
450 Townsend Street, Suite 207
San Francisco, California 94107
Telephone: (415) 364-8435

Thomas H. Stanton, *pro hac vice*
FL Bar No. 127444
E: tstanton@stantoniplaw.com
Matthew E. Swihart, *pro hac vice*
FL Bar No. 42539
E: mswihart@stantoniplaw.com
**STANTON IP LAW FIRM, P.A.**
201 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
T: 813-421-3883
E: service@stantoniplaw.com

*Attorneys for Defendant
NULIDS, LLC*

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BLEPHEX, LLC<br>          *Plaintiff,*<br><br>          vs.<br><br>NULIDS, LLC<br>                    *Defendant.* | Case No. 3:23-cv-0578-RSH-AHG<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>District Judge: Hon. Robert S. Huie<br>Magistrate Judge: Allison H. Goddard<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Defendant's Motion to Dismiss          Case No. 3:23-cv-0578-RSH-AHG

## TABLE OF CONTENTS

MOTION TO DISMISS .................................................................................5

MEMORANDUM OF LAW ..........................................................................5

   I.    Nature of the Action & Stage of the Proceedings ..................................5

   II.   Summary of the Argument ......................................................................5

   III.  The '621 Patent ........................................................................................7

   IV.  Legal Standard .........................................................................................9

       A.    Motion to Dismiss under FRCP 12(b)(6) ....................................9

       B.    Invalidity Under 35 U.S.C. § 101.............................................12

   V.   Arguments ..............................................................................................15

       A.    *Alice* Step One: The '621 Patent is an Abstract Idea. ...............15

           1.    Placing a Device on an Eyelid is an Abstract Idea...........16

       B.    *Alice* Step Two: The '621 Patent's Claims Only Implement the Abstract Idea Using Generic Technology, Add Nothing Inventive, and Are Therefore Patent-Ineligible...................................................................................17

           1.    The Independent Claims Add Nothing Inventive. ...........18

           2.    The Dependent Claims Add Nothing Inventive...............19

   VI.  Conclusion .............................................................................................20

Defendant's Motion to Dismiss         Case No. 3:23-cv-0578-RSH-AHG

# <u>TABLE OF AUTHORITIES</u>

| CASES | PAGES |
|---|---|
| *Affinity Labs of Tex., LLC v. DIRECTV, LLC,*<br>    838 F.3d 1253 (Fed. Cir. 2016) | 18 |
| *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*<br>    573 U.S. 208 (2014) | 13-15, 17, 18 |
| *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.,*<br>    569 U.S. 576 (2013) | 12, 13, 19 |
| *Automated Tracking Sols., LLC v. Coca-Cola Co.,*<br>    723 F. App'x 989 (Fed. Cir. 2018) | 10, 11 |
| *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.),*<br>    687 F.3d 1266 (Fed. Cir. 2012) | 11 |
| *Barron v. Reich,*<br>    13 F.3d 1370 (9th Cir. 1994) | 10 |
| *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC,*<br>    827 F.3d 1341 (Fed. Cir. 2016) | 11 |
| *Bell Atl. Corp. v. Twombly,*<br>    550 U.S. 544 (2007) | 10 |
| *Bilski v. Kappos,*<br>    561 U.S. 593 (2010) | 10, 13, 16, 20 |
| *Cleveland Clinic Found. v. True Health Diagnostics LLC,*<br>    859 F.3d 1352 (Fed. Cir. 2017) | 11 |
| *Content Aggregation Sols. LLC v. Blu Prod., Inc.,*<br>    2016 U.S. Dist. LEXIS 166122 (S.D. Cal. Nov. 29, 2016) | 10 |
| *Content Extraction & Transmission, LLC v. Wells Fargo Bank, Nat'l Ass'n,*<br>    776 F.3d 1343 (Fed. Cir. 2014) | 12, 16 |
| *CyberSource Corp. v. Retail Decisions, Inc.,*<br>    654 F.3d 1366 (Fed. Cir. 2011) | 14 |
| *Diamond v. Chakrabarty,*<br>    447 U.S. 303 (1980) | 12 |
| *Elec. Power Grp., LLC v. Alstom S.A.,*<br>    830 F.3d 1350 (Fed. Cir. 2016) | 15 |
| *Fort Props., Inc. v. Am. Master Lease LLC,*<br>    671 F.3d 1317 (Fed. Cir. 2012) | 15 |

Defendant's Motion to Dismiss          Case No. 3:23-cv-0578-RSH-AHG

| | |
|---|---|
| *Genetic Techs. Ltd. V. Merial LLC*, <br> 818 F.3d 1369 (Fed. Cir. 2016) | 10, 11 |
| *Gottschalk v. Benson*, <br> 409 U.S. 63 (1972) | 13 |
| *In re Kollar*, <br> 286 F.3d 1326 (Fed. Cir. 2002) | 7 |
| *In re TLI Commc'ns LLC Patent Litig.*, <br> 823 F.3d 607 (Fed. Cir. 2016) | 18 |
| *In re W. View Research, LLC*, <br> 2015 U.S. Dist. LEXIS 174629 (S.D. Cal. Dec. 10, 2015) | 11 |
| *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, <br> 566 U.S. 66 (2012) | 12-15 |
| *Mendiondo v. Centinela Hosp. Med. Ctr.*, <br> 521 F.3d 1097 (9th Cir. 2008) | 10 |
| *O'Reilly v. Morse* <br> 56 U.S. 62 (1854) | 13 |
| *Nat. Alternatives Int'l, Inc. v. Allmax Nutrition, Inc.*, <br> 258 F. Supp. 3d 1170 (S.D. Cal. 2017) | 10 |
| *Ultramercial, Inc. v. Hulu, LLC*, <br> 772 F.3d 709 (Fed. Cir. 2014) | 11 |
| *Wi-LAN Inc. v. LG Elecs., Inc.*, <br> 382 F. Supp. 3d 1012 (S.D. Cal. 2019) | 10 |

| STATUTES | PAGES |
|---|---|
| 35 U.S.C. § 100 | 7 |
| 35 U.S.C. § 101 | 5-7, 10-13, 15, 20 |

| RULES OF PROCEDURE | PAGES |
|---|---|
| Federal Rules of Civil Procedure 12(b) | 5, 9, 10 |
| Local Civil Rule 5.4 | 22 |
| Local Civil Rule 7.1 | 5 |

| OTHER AUTHORITIES | PAGES |
|---|---|
| U.S. Patent No. 11,083,621 B2 | *Passim* |

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG

# MOTION TO DISMISS

*COMES NOW*, Defendant NuLids, LLC, by and through undersigned counsel and pursuant to FRCP 12(b) and LCvR 7.1, and hereby respectfully moves to dismiss, with prejudice, all claims asserted against it by Plaintiff's Complaint pursuant to FRCP 12(b)(6) and 35 U.S.C. § 101 as patent-ineligible subject matter. In support thereof, Defendant states as follows:

## MEMORANDUM OF LAW

### I.    Nature of the Action & Stage of the Proceedings

On March 31, 2023, Plaintiff BlephEx, LLC filed its Complaint alleging that Defendant NuLids, LLC infringes "at least Claim 1" of U.S. Patent No. 11,083,621 B2 (the "'621 Patent") by performing and inducing others to perform the method of "one or more claims of the '621 Patent" by using Defendant's products and teaching others to use Defendant's products. Complaint at ¶¶ 76 & 87-88.

On April 24, 2023, the Court granted the Parties' [9] Joint Motion for Extension of Time, and set June 1, 2023 as the deadline to respond to the Complaint.

This Motion is timely brought. No *Markman* hearing or trial dates have been calendared.

### II.   Summary of the Argument

This lawsuit is about the act of picking up a tool and placing it on an eyelid for the purpose of removing debris from the eyelid.

The Complaint should be dismissed because the '621 Patent is ineligible under 35 U.S.C. § 101, and as such, Plaintiff has failed to state a cause of action upon which relief can be granted.

Plaintiff's method patent fails to meet § 101's threshold eligibility requirement because (1) the method is directed to the abstract idea and natural phenomena of removing debris from the human eyelid, (2) the method consists of nothing more than the abstract idea of picking up a device and placing it over an eyelid to remove debris from the eyelid, and (3) Plaintiff merely recites this abstract, natural activity without defining how it is unique, other than using generic functionality and routine and common tasks long performed by humans and medical professionals, and uses conventional devices merely as tools to perform this basic and fundamental human task.

Wiping naturally-occurring debris out of your eye, regardless of what you use to do so, is not a new or patentable method. Although novel and useful *devices* for performing this abstract method and natural activity may be patented, a method patent that attempts to preempt the entire spectrum of various devices in the market improperly attempts to expand the scope of Plaintiff's particular invention to instead cover all potential devices in the market, even if they are dissimilar to Plaintiff's "BlephEx device."

Defendant's Motion to Dismiss        Case No. 3:23-cv-0578-RSH-AHG

### III. The '621 Patent

U.S. Patent No. 11,083,621 B2 (the "'621 Patent"), issued on August 10, 2021, is entitled "Instrument for Treating an Ocular Disorder."

The '621 Patent is a method patent. Method patents are "processes" under 35 U.S.C. § 101. "The term 'process' means process, art or *method*, and includes a new use of a known process, machine, manufacture, composition of matter, or material." 35 U.S.C. § 100(b) (*emphasis* added). "[A] process [...] consists of a series of acts or steps.... It consists of doing something, and therefore has to be carried out or performed." *In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002).

The '621 Patent is a continuation of U.S. Patent No. 10,449,087, issued October 2, 2019, which is a continuation-in-part of U.S. Patent No. 9,039,718, issued May 26, 2015. The '621 Patent implicates and describes in detail Plaintiff's physical electromechanical device (the BlephEx). However, Plaintiff has made no allegations that Defendant's physical products infringe on Plaintiff's actual device.

Plaintiff's allegations are purely related to the method described in the '621 Patent, which consists of picking up an electromechanical device and placing it on an eyelid. Plaintiff claims that this action—lifting a cleaning device to the eyelid—infringes on the '621 Patent regardless of the device used.

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG

The '621 Patent has two independent claims and sixteen dependent claims, all directed to the method of picking up an electromechanical device and placing it on a human eyelid.

Claim 1 provides as follows:

1. A method of treating an eye for an ocular disorder with a contact member comprising a soft and resilient material operably connected to an electromechanical device, wherein the eye has an eyelid margin and an eyeball and includes a removable debris, the method comprising:
effecting movement of the contact member relative to the electromechanical device, the contact member having at least a portion thereof configured to access a portion of the eyelid margin, wherein the movement comprises electromechanical rotation of the contact member;
while the contact member is being moved by the electromechanical device, contacting the eyelid margin with the contact member without lifting the eyelid margin from the eye so as to scrub the portion of the eyelid margin that includes the removable debris with the contact member thereby impacting the debris with the contact member to remove debris from the eye.

'621 Patent, 9:26-42. See, Complaint at Exhibit A.

Simply put, claim 1 recites a method of of (1) picking up an electromechanical device, and (2) touching that device to an eyelid. The fact that Plaintiff has added a power tool to perform the same task humans have done since humans have had eyes (wiping naturally forming debris from the eyelid) does not render the method any less abstract.

Claim 12, the other independent claim of the '621 Patent, provides as follows:

12. A method of treating an eye for an ocular disorder with a contact member comprising a soft and resilient material operably connected to

an electromechanical device, wherein the eye has an eyelid margin and an eyeball and includes a removable debris, the method comprising:

> effecting rotational movement of the contact member relative to the electromechanical device;

> while the contact member is being moved by the electromechanical device, contacting at least a portion of the eyelid margin that includes the removable debris with the contact member without lifting the eyelid margin from the eye thereby impacting the debris with the contact member to remove debris from the eye and unroofing a plurality of meibomian glands along the eyelid margin.

'621 Patent, 10:22-36. See, Complaint at Exhibit A.

Claim 12, the other independent claim of the '621 Patent, is fundamentally similar to claim 1, with the addition of turning on the electromechanical device and a result (not an additional method) of "unroofing a plurality of meibomian glands along the eyelid margin." '621 Patent, 10:35-36. See, Complaint at Exhibit A.

The dependent claims add limitations to the specific device used in the method (claims 4, 6-8, 10-11, & 16-18), increase the area of the eyelid and eyelid margin to be cleaned (claims 3, 9, & 14-15), and expand the cleaning to include "scrubbing," "exfoliating," "buffing," and "breaking the debris free" (claims 2, 5, & 13).

## IV.    Legal Standard

### A. Motion to Dismiss under FRCP 12(b)(6)

Under FRCP 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal may be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

When ruling on a motion to dismiss, courts may consider the allegations contained

in the pleadings, exhibits attached to the complaint, and matters subject to judicial

notice without converting the motion to dismiss into a motion for summary

judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice is

appropriate for records and reports of administrative bodies, including documents

issued by the United States Patent and Trademark Office, such as a patent's

prosecution history. *Wi-LAN Inc. v. LG Elecs., Inc*., 382 F. Supp. 3d 1012, 1027–28

(S.D. Cal. 2019).

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v.

Kappos*, 561 U.S. 593, 602 (2010). See also, *Genetic Techs. Ltd. v. Merial L.L.C.*,

818 F.3d 1369, 1373 (Fed. Cir. 2016) ("it is possible and proper to determine patent

eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion."); *Automated Tracking

Sols., LLC v. Coca-Cola Co.*, 723 F. App'x 989, at *995 (Fed. Cir. 2018) (affirming

the district court's grant of judgment on the pleadings on Section 101 grounds); *Nat.

Alternatives Int'l, Inc. v. Allmax Nutrition, Inc*., 258 F. Supp. 3d 1170, 1180 (S.D.

Cal. 2017) (granting defendant's motion to dismiss on Section 101 grounds);

*Content Aggregation Sols. LLC v. Blu Prod., Inc*., 2016 U.S. Dist. LEXIS 166122,

at *8 (S.D. Cal. Nov. 29, 2016); *In re W. View Research, LLC*, 2015 U.S. Dist. LEXIS 174629, at *13-16 (S.D. Cal. Dec. 10, 2015).

Accordingly, a § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring); see also, *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016) ("Courts may . . . dispose of patent-infringement claims under § 101 whenever procedurally appropriate.")

Claim construction is not required to conduct a § 101 analysis. The Federal Circuit has "repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017). "[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Genetic Techs. Ltd. v. Merial LLC*, 818 F.3d 1369, 1374 (Fed. Cir. 2016); *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012).

Additionally, the Court is not required to individually address claims not identified by the non-moving party and "may evaluate representative claims." *Automated Tracking Sols., LLC*, 723 F. App'x 989, at *991 (internal citation

Defendant's Motion to Dismiss          Case No. 3:23-cv-0578-RSH-AHG

omitted). For § 101 purposes, all claims of a patent can be evaluated collectively based on a representative claim if they are all "substantially similar and linked to the same abstract idea." *Content Extraction & Transmission, LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (invalidating 242 claims across four patents based on two representative claims).

**B. Invalidity Under 35 U.S.C. § 101**

The Patent Act sets forth four categories of patentable subject matter: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. There are three exceptions to these categories:

> [The Supreme Court has] "long held that this provision contains an important implicit exception[:] Laws of nature, natural phenomena, and abstract ideas are not patentable." *Mayo*, 566 U. S., at 70, 132 S. Ct. 1289, 182 L. Ed. 2d 321, 326-327 (internal quotation marks and brackets omitted). Rather, "'they are the basic tools of scientific and technological work'" that lie beyond the domain of patent protection. *Id.*, at 71, 132 S. Ct. 1289, 182 L. Ed. 2d 321, 327. As the Court has explained, without this exception, there would be considerable danger that the grant of patents would "tie up" the use of such tools and thereby "inhibit future innovation premised upon them." *Id.*, at 86, 132 S. Ct. 1289, 182 L. Ed. 2d 321, 336. This would be at odds with the very point of patents, which exist to promote creation. *Diamond v. Chakrabarty*, 447 U. S. 303, 309, 100 S. Ct. 2204, 65 L. Ed. 2d 144 (1980) (Products of nature are not created, and "'manifestations of . . . nature [are] free to all men and reserved exclusively to none'").

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc*., 569 U.S. 576, 589 (2013).

Abstract ideas are ineligible for patent protection because a monopoly over these ideas would preempt their use in all fields. *Bilski*, 561 U.S. at 611-12. In other words, "abstract intellectual concepts are not patentable, as they are the basic tools of scientific and technological work." *Id*. at 653 (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).

> We have described the concern that drives this exclusionary principle as one of pre-emption. See, *e.g., Bilski, supra*, at 611-612, 130 S. Ct. 3218, 177 L. Ed. 2d 792 (upholding the patent "would pre-empt use of this approach in all fields, and would effectively grant a monopoly over an abstract idea"). Laws of nature, natural phenomena, and abstract ideas are "the basic tools of scientific and technological work." *Myriad, supra*, at 589, 133 S. Ct. 2107, 186 L. Ed. 2d 124, 133). "[M]onopolization of those tools through the grant of a patent might tend to impede innovation more than it would tend to promote it," thereby thwarting the primary object of the patent laws. *Mayo, supra*, at 71, 132 S. Ct. 1289, 182 L. Ed. 2d 321, 327); see U.S. Const., Art. I, § 8, cl. 8 (Congress "shall have Power . . . To promote the Progress of Science and useful Arts"). We have "repeatedly emphasized this . . . concern that patent law not inhibit further discovery by improperly tying up the future use of" these building blocks of human ingenuity. *Mayo, supra*, at 85, 132 S. Ct. 1289, 182 L. Ed. 2d 321, 335)(citing *Morse, supra*, at 113, 56 U.S. 62, 14 L. Ed. 601 ).

> *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).

"Accordingly, in applying the §101 exception, we must distinguish between patents that claim the 'buildin[g] block[s]' of human ingenuity and those that integrate the building blocks into something more, […] thereby 'transform[ing]' them into a patent-eligible invention…. The former 'would risk disproportionately tying up the use of the underlying' ideas, […] and are therefore ineligible for patent

Defendant's Motion to Dismiss          Case No. 3:23-cv-0578-RSH-AHG

protection. The latter pose no comparable risk of pre-emption, and therefore remain eligible for the monopoly granted under our patent laws." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014) (internal citations omitted).

Determining whether a patent claim is impermissibly directed to an abstract idea involves two steps:

1. The court determines "whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).

2. If the claim contains an abstract idea, the court evaluates whether there is "an 'inventive concept'—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. (internal quotations and citations omitted).

Transformation into a patent-eligible application requires "more than simply stating the abstract idea while adding the words 'apply it.'" *Id*. at 2357 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 566 U.S. 66, 72 (2012)). Indeed, if a claim could be performed in the human mind, or by a human using pen and paper, it is not patent-eligible. *CyberSource Corp. v. Retail Decisions, Inc*., 654 F.3d 1366, 1372 (Fed. Cir. 2011). Also, a claim is not meaningfully limited if it includes only token or insignificant pre- or post-solution activity—such as

identifying a relevant audience, category of use, field of use, or technological environment. *Mayo*, 566 U.S. at 73–79, 83-85.

Finally, "simply appending conventional steps, specified at a high level of generality, to laws of nature, natural phenomena, and abstract ideas cannot make those laws, phenomena, and ideas patentable." *Mayo*, 566 U.S. at 68. "Such a broad and general limitation does not impose meaningful limits on the claim's scope. *Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1323 (Fed. Cir. 2012).

## V.    Arguments

Plaintiff has improperly patented the abstract idea of raising a product to an eyelid for the purpose of cleaning naturally-occurring debris from it. This abstract idea is not patentable under 35 U.S.C. § 101.

### A. *Alice* Step One: The '621 Patent is an Abstract Idea.

The first step is to determine "whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). In analyzing the first prong of the *Alice* test, the Court looks to "the 'focus' of the claims, [and] their 'character as a whole[.]'" *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). Here, the language of the claims, the specification, and the prosecution history all demonstrate that the focus of the '621 Patent's claims is the abstract idea of placing a cleaning device on an eyelid.

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG

**1. Placing a Device on an Eyelid is an Abstract Idea.**

When the '621 Patent's claims are stripped of what Plaintiff's claim is a "novel" electromechanical device—the "BlephEx device" (Complaint at ¶¶ 12-13 & 24-25; '621 Patent at Fig. 1-4)—the gist of the claims is the touching of a powered cleaning device to an eyelid to remove naturally-occurring debris.

Utilizing tools to wipe debris from the eyes is an activity "humans have always performed," *Content Extraction*, 776 F.3d at 1347, and a basic tool in the "storehouse of knowledge" that is "free to all … and reserved exclusively to none." *Bilski*, 561 U.S. at 602. Having a medical professional perform this task is also not a new method. That the method claimed by the '621 Patent requires the use of an "electromechanical device" does not make the claims any less abstract.

Take, for example, cleaning the eyelids in the context of claim 1 can be interpreted as follows:

| Claim 1 | Plain English |
|---|---|
| A method of treating an eye for an ocular disorder | A way to clean naturally-occurring debris from human eyelids |
| with a contact member comprising a soft and resilient material | using a soft and resilient material, such as "a cotton swab, a fingertip, or a scrub pad" (Complaint, at ¶ 11), or a "medical grade sponge" (claims 6 & 16) |
| operably connected to an electromechanical device | attached to a powered base |
| wherein the eye has an eyelid margin and an eyeball | for humans with eyes and eyelids |
| and includes a removable debris | with debris on their eyelids |
| the method comprising: | the method is: |

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG

| Claim 1 | Plain English |
|---|---|
| effecting movement of the contact member relative to the electromechanical device | the powered base moves the soft and resilient material |
| the contact member having at least a portion thereof configured to access a portion of the eyelid margin | the soft and resilient material touches the eyelid |
| wherein the movement comprises electromechanical rotation of the contact member | the movement is rotational |
| while the contact member is being moved by the electromechanical device | and caused by the powered base |
| contacting the eyelid margin with the contact member without lifting the eyelid margin from the eye | without lifting the eyelid from the eye |
| so as to scrub the portion of the eyelid margin that includes the removable debris with the contact member thereby impacting the debris with the contact member to remove debris from the eye | to clean the debris from the eyelid. |

The abstract method of cleaning eyelids with a powered version of the same basic materials and procedures used "for decades" (Complaint at ¶ 11)—if not for all of human existence—is a patent-ineligible concept.

Plaintiffs have not alleged Defendant violates a product patent, and have instead attempted to patent and enforce the concept of wiping debris from the eyelid.

**B. *Alice* Step Two: The '621 Patent's Claims Only Implement the Abstract Idea Using Generic Technology, Add Nothing Inventive, and Are Therefore Patent-Ineligible.**

The second step is "a search for an 'inventive concept'—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*

Defendant's Motion to Dismiss          Case No. 3:23-cv-0578-RSH-AHG

*Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014) (internal citations and quotations omitted). In other words, the Court must "look with more specificity at what the claim elements add, in order to determine 'whether they identify an inventive concept in the application of the ineligible subject matter' to which the claim is directed." *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258 (Fed. Cir. 2016). "[M]ere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea. Rather, the components must involve more than performance of 'well-understood, routine, conventional activit[ies]' previously known to the industry." *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016) (quoting *Alice*, 134 S. Ct. at 2359).

### 1. The Independent Claims Add Nothing Inventive.

The independent claims of the '621 Patent merely recite an abstract idea using routine and conventional procedures performed by humans as long as they have existed. The only alleged novelty is that the device used to clean the eyelids is powered. The addition of a generic "electromechanical device" (that is fundamentally similar to a powered toothbrush) does not make the abstract claims eligible.

By way of example with electric toothbrushes: although new patented devices to clean teeth may be created, a method claim attempting to patent the process of

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG

putting *any* powered toothbrush in your mouth to clean your teeth is improperly

broadening the scope of the electric toothbrush's inventive step, if any exists. The

same goes for Plaintiff's claimed method: the act of placing something on an eyelid

to clean naturally-occurring debris is so abstract an idea and natural a phenomena

that to allow Plaintiff to retain a patent on the method would improperly expand the

scope of Plaintiff's physical invention (the "BlephEx device") to instead cover all

actual or potential devices on the market designed to clean eyes.

Wiping naturally-occurring debris out of your eye, regardless of what you use

to do so, is not a new or patentable method. Plaintiff's patent seeks to thwart the

primary object of patent law by monopolizing on abstract idea and natural

phenomenon, thereby impeding innovation rather than promoting innovation. Ref.,

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013).

Plaintiff's method patent improperly attempts to expand the scope of Plaintiff's

particular invention to instead cover all potential devices in the market that claim to

clean the eyelid of naturally-occurring debris, even if they are dissimilar to and/or

operate differently from Plaintiff's particular "BlephEx device."

### 2. The Dependent Claims Add Nothing Inventive.

The additional limitations in the dependent claims do not confer patent-

eligibility because they recite either token limitations or elements routinely

performed by medical professionals and individuals alike. Specifically:

- claims 2, 5, & 13 expand the cleaning to include "scrubbing," "exfoliating," "buffing," and "breaking the debris free";

- claims 3, 9, & 14-15 increase the area of the eyelid and eyelid margin to be cleaned; and,

- claims 4, 6-8, 10-11, & 16-18 add limitations to the specific device used in the method, including that the "contact member" be a "medical grade sponge" and "generally egg-shaped," and that the "soft and resilient material" be "absorbent" and "porous."

These trivial limitations cannot confer patent eligibility. See, *e.g., Bilski*, 561 U.S. at 612 ("limiting an abstract idea to one field of use or adding token post-solution components [does] not make the concept patentable").

## VI.   Conclusion

The claims of the Asserted Patents are all directed to the abstract idea of placing a cleaning device on an eyelid to remove naturally-occurring debris from the eyelid. They rely entirely on well-known, conventional technology to carry out the abstract idea and provide no inventive concept.

Therefore, the claims are patent-ineligible under 35 U.S.C. § 101 and are invalid as a matter of law.

Accordingly, Defendant respectfully requests this Court dismiss the Complaint with prejudice.

DATED: June 1, 2023                      Respectfully submitted,

*/s/ Matthew Swihart*

Curtis E. Smolar (SBN 194700)
E: Curtis@corexlegal.com
**CORE X LEGAL P.A.**
450 Townsend Street, Suite 207
San Francisco, California 94107
Telephone: (415) 364-8435

Thomas H. Stanton, *pro hac vice*
FL Bar No. 127444
E: tstanton@stantoniplaw.com
Matthew E. Swihart, *pro hac vice*
FL Bar No. 42539
E: mswihart@stantoniplaw.com
**STANTON IP LAW FIRM, P.A.**
201 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
T: 813-421-3883
E: service@stantoniplaw.com

*Attorneys for Defendant*
*NULIDS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 1, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per LCvR 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Matthew Swihart*
Matthew Swihart, Esq.

Defendant's Motion to Dismiss                    Case No. 3:23-cv-0578-RSH-AHG