UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLEPHEX, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>NULIDS, LLC,<br><br>         Defendant. | Case No.: 23-cv-578-RSH-SBC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 16] |

On June 1, 2023, Defendant NuLids, LLC ("NuLids") filed a motion to dismiss the Complaint of Plaintiff BlephEx, LLC ("BlephEx") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. On June 29, 2023, BlephEx filed a response in opposition to NuLids's motion to dismiss. ECF No. 21. On July 13, 2023, NuLids filed a reply. ECF No. 27. As set forth below, the Court denies NuLids's motion.

I.  **BACKGROUND**

On March 31, 2023, BlephEx filed its Complaint against NuLids, alleging infringement of U.S. Patent No. 11,083,621 ("the '621 Patent"). Compl., ECF No. 1. BlephEx alleges that NuLids infringes and induces others to infringe one or more claims of the '621 Patent. *See id.* ¶¶ 3-4, 72-91. BlephEx further alleges that, when used as directed

and instructed by NuLids, the two NuLids products at issue—the NuLids Pro, and the At-Home NuLids Device—perform the method of treating an eye for an ocular disorder claim in one or more claims of the '621 Patent, including at least Claim 1. *Id.* ¶¶ 74, 87, 88.

The '621 Patent is entitled "instrument for treating an ocular disorder," and was issued on August 10, 2021. U.S. Patent No. 11,083,621, at [45], [54] (issued Aug. 10, 2021). The '621 Patent "relates generally to a method and apparatus for treating an ocular disorder, and more particularly, to treating eyelid margin disease." *Id.* at col. 1 ll. 18-20.

As an example of the claimed invention, Independent Claim 1 of the '621 Patent recites:

> 1. A method of treating an eye for an ocular disorder with a contact member comprising a soft and resilient material operably connected to an electromechanical device, wherein the eye has an eyelid margin and an eyeball and includes a removable debris, the method comprising:
> effecting movement of the contact member relative to the electromechanical device, the contact member having at least a portion thereof configured to access a portion of the eyelid margin, wherein the movement comprises electromechanical rotation of the contact member;
> while the contact member is being moved by the electromechanical device, contacting the eyelid margin with the contact member without lifting the eyelid margin from the eye so as to scrub the portion of the eyelid margin that includes the removable debris with the contact member thereby impacting the debris with the contact member to remove debris from the eye.

*Id.* at col. 9 ll. 26-42.

By the present motion, NuLids moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss BlephEx's Complaint for failure to state a claim. ECF No. 16. Specifically, NuLids argues that BlephEx cannot allege infringement of the '621 Patent because all of the claims in the '621 Patent claim patent-ineligible subject matter and, therefore, are invalid under 35 U.S.C. § 101. *Id.* at 5, 20.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The factual allegations must rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### B. Patent Eligibility under 35 U.S.C. § 101

Section 101 of the Patent Act defines patent-eligible subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has "'long held that this provision contains an important implicit exception[:] Laws of nature, natural phenomena, and abstract ideas are not patentable.'" *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 70 (2012)). "This exception reflects the concern that patent law not inhibit further discovery by improperly tying up the future use of these building blocks of

human ingenuity." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021) (internal quotation marks omitted) (quoting *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014)); *see also CareDx, Inc. v. Natera, Inc.*, 40 F.4th 1371, 1376 (Fed. Cir. 2022) ("These exceptions exist because monopolizing the basic tools of scientific work 'might tend to impede innovation more than it would tend to promote it.'" (quoting *Mayo*, 566 U.S. at 71)).

"The Supreme Court has established a two-step framework for evaluating patent eligibility under § 101." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1377 (Fed. Cir. 2022) (citing *Alice*, 573 U.S. at 217). Under step one, the court "determine[s] whether the claim is 'directed to' a 'patent-ineligible concept,' such as an abstract idea." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022) (quoting *Alice*, 573 U.S. at 217). If so, the court proceeds to step two and "examine[s] 'the elements of the claim to determine whether it contains an "inventive concept" sufficient to "transform" the claimed abstract idea into a patent-eligible application.'" *Id.* (quoting *Alice*, 573 U.S. at 221). Specifically, the court determines "whether the claim elements, individually and as an ordered combination, contain an inventive concept, which is more than merely implementing an abstract idea using 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Id.* (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014)).

"Patent eligibility is a question of law that may involve underlying questions of fact. *PersonalWeb*, 8 F.4th at 1314; *see Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). "Thus, patent eligibility may be resolved at the Rule 12 stage only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant." *Coop. Ent.*, 50 F.4th at 130 (collecting cases). "But 'not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." Indeed, that inquiry 'may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts, considered under the

standards required by that Rule, require a holding of ineligibility under the substantive standards of law.'" *PersonalWeb*, 8 F.4th at 1314 (citations omitted).

The party challenging the validity of the asserted patents bears the burden of proof under the § 101 two-step framework. *Bell Semiconductor, LLC v. NXP USA, Inc.*, No. 22-CV-00594-H-KSC, 2023 WL 1092315, at *3 (S.D. Cal. Jan. 27, 2023) (citing *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, 967 F.3d 1319, 1328 (Fed. Cir. 2020)); *see also Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011) ("'[T]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.'" (quoting 35 U.S.C. § 282)). Further, any fact pertinent to the § 101 eligibility analysis must be proven by clear and convincing evidence. *See Berkheimer*, 881 F.3d at 1368; *see also Microsoft*, 564 U.S. at 95 (holding that § 282 requires that an invalidity defense "be proved by clear and convincing evidence").

## III. ANALYSIS

The Court begins its analysis of NuLids's challenge to the validity of the claims of the '621 Patent by performing step one of the § 101 two-step inquiry. Under step one, the court "determine[s] whether the claim is 'directed to' a 'patent-ineligible concept,' such as an abstract idea." *Coop. Ent.*, 50 F.4th at 130 (quoting *Alice*, 573 U.S. at 217). The Federal Circuit has "'approached the Step [one] directed to inquiry by asking what the patent asserts to be the focus of the claimed advance over the prior art. In conducting that inquiry, [courts] must focus on the language of the asserted claims themselves, considered in light of the specification.'" *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021) (cleaned up) (quoting *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1292 (Fed. Cir. 2020)); *see also CardioNet, LLC v. InfoBionic, Inc*, 955 F.3d 1358, 137273 (Fed. Cir. 2020) ("In determining what the claims are directed to and whether they are directed to an abstract idea, a court may well consult the plain claim language, written description, and prosecution history."). The step one inquiry "presents a legal question that can be answered based on the intrinsic evidence." *CardioNet*, 955 F.3d at 1372.

The Federal Circuit has cautioned that the step one "directed to" inquiry does not

5

23-cv-578-RSH-SBC

standards required by that Rule, require a holding of ineligibility under the substantive standards of law.'" *PersonalWeb*, 8 F.4th at 1314 (citations omitted).

The party challenging the validity of the asserted patents bears the burden of proof under the § 101 two-step framework. *Bell Semiconductor, LLC v. NXP USA, Inc.*, No. 22-CV-00594-H-KSC, 2023 WL 1092315, at *3 (S.D. Cal. Jan. 27, 2023) (citing *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, 967 F.3d 1319, 1328 (Fed. Cir. 2020)); *see also Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011) ("'[T]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.'" (quoting 35 U.S.C. § 282)). Further, any fact pertinent to the § 101 eligibility analysis must be proven by clear and convincing evidence. *See Berkheimer*, 881 F.3d at 1368; *see also Microsoft*, 564 U.S. at 95 (holding that § 282 requires that an invalidity defense "be proved by clear and convincing evidence").

## III. ANALYSIS

The Court begins its analysis of NuLids's challenge to the validity of the claims of the '621 Patent by performing step one of the § 101 two-step inquiry. Under step one, the court "determine[s] whether the claim is 'directed to' a 'patent-ineligible concept,' such as an abstract idea." *Coop. Ent.*, 50 F.4th at 130 (quoting *Alice*, 573 U.S. at 217). The Federal Circuit has "'approached the Step [one] directed to inquiry by asking what the patent asserts to be the focus of the claimed advance over the prior art. In conducting that inquiry, [courts] must focus on the language of the asserted claims themselves, considered in light of the specification.'" *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021) (cleaned up) (quoting *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1292 (Fed. Cir. 2020)); *see also CardioNet, LLC v. InfoBionic, Inc*, 955 F.3d 1358, 137273 (Fed. Cir. 2020) ("In determining what the claims are directed to and whether they are directed to an abstract idea, a court may well consult the plain claim language, written description, and prosecution history."). The step one inquiry "presents a legal question that can be answered based on the intrinsic evidence." *CardioNet*, 955 F.3d at 1372.

The Federal Circuit has cautioned that the step one "directed to" inquiry does not

"simply ask whether the claims involve a patent-ineligible concept, because essentially every routinely patent-eligible claim involving physical products and actions involves a law of nature and/or natural phenomenon—after all, they take place in the physical world." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Thus, courts must "be careful to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims." *CardioNet*, 955 F.3d at 1371; *see In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016). "Rather, the 'directed to' inquiry applies a stage-one filter to claims, considered in light of the specification, based on whether 'their character as a whole is directed to excluded subject matter.'" *Enfish*, 822 F.3d at 1335 (quoting *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015)). "If the focus of the claim is a specific and concrete technological advance, for example an improvement to a technological process or in the underlying operation of a machine, [the court's] inquiry ends and the claim is eligible." *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 908 (Fed. Cir. 2022).

In its motion to dismiss, NuLids contends that the claims of the '621 Patent are ineligible under § 101 because they are directed to "the abstract idea of placing a cleaning device on an eyelid." ECF No. 16 at 15; *see also id.* at 5 ("This lawsuit is about the act of picking up a tool and placing it on an eyelid for the purpose of removing debris from the eyelid."). In response, BlephEx argues that NuLids's contention mischaracterizes and improperly oversimplifies the claims of the '621 Patent and fails to recognize that the claims are limited to performing specific, concrete steps using a novel electromechanical device. ECF No. 21 at 1-3, 13-16. The Court agrees with BlephEx. NuLids's step one arguments engage in the type of inaccurate oversimplification of the claims that the Federal Circuit has cautioned against.

The claims of the '621 Patent are not broadly directed to placing any cleaning device on an eyelid. Rather, the claims are directed to a specific and concrete technological advance – that is, performing a specific method for treating an eye for an ocular disorder with a specific, concrete device. The device utilized in the claimed method of Independent

6

23-cv-578-RSH-SBC

Claim 1 is not "any cleaning device." Rather, Claim 1 places specific, concrete limitations on the device, such as requiring that the device is an "electromechanical device"; that the device includes "a contact member" comprising "a soft and resilient material"; and that the device moves the "contact member" via "electromechanical rotation." '621 Patent col. 9 ll. 26-35. Further, the claim language places specific, concrete limitations on the method to be performed utilizing the device, for example, by requiring that the contact member of the device contact "the eyelid margin . . . without lifting the eyelid margin from the eye" and that the contact member be moved via "rotation." '621 Patent col. 9 ll. 31-39. These limitations place meaningful restrictions on the claimed method, cabining the claims to being directed to a specific and concrete technological advance for the treatment of ocular disorders (such as eyelid margin disease) as opposed to an abstract idea.

NuLids asserts that utilizing tools to wipe debris from the eyes is an activity that humans have always performed. The Court disagrees with this assertion. But even if the Court accepted NuLids's assertion as accurate, it is of no consequence because, again, NuLids's assertion relies on a mischaracterization of the '621 Patent's claims. The claims of the '621 Patent are not broadly directed to utilizing a tool to wipe debris from the eyes. The claims are specifically directed to utilizing an electromechanical device with a contact member made of a soft and resilient material to contact a person's eyelid margin with the contact member using electromechanical rotation and without lifting the eyelid margin. *See* '621 Patent col. 9 ll. 26-39. Utilizing an electromechanical device with a contact member made of a soft and resilient material to contact a person's eyelid margin with the contact member using electromechanical rotation and without lifting the eyelid margin is not an activity that has been long performed by humans.

In sum, the challenged claims of the '621 Patent are directed to a specific and concrete technological advance – a specific method for treating an eye for an ocular disorder – and not an abstract idea. Because the asserted claims are not directed to a patent-ineligible concept under step one of the § 101 inquiry, "the claims satisfy § 101 and [the Court] need not proceed to the second step. The claims are patent eligible under § 101."

*CardioNet*, 955 F.3d at 1368 (citation omitted); *see Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1047 (Fed. Cir. 2016) ("If the answer [to the step one inquiry] is no, the inquiry is over: the claim falls within the ambit of § 101."). Accordingly, NuLids has failed to demonstrate that the claims of the '621 Patent are invalid under § 101, and, therefore, the Court denies NuLids's motion to dismiss BlephEx's complaint for failure to state a claim.[1] *See, e.g., Samesurf, Inc. v. Intuit, Inc.*, No. 322CV00412RSHDDL, 2023 WL 2342077, at *8 (S.D. Cal. Jan. 10, 2023) (denying Rule 12(b)(6) motion to dismiss where defendant failed to demonstrate that the asserted claims are directed to an abstract idea); *Confident Techs., Inc. v. AXS Grp. LLC*, No. 17-CV-02181-H-MDD, 2018 WL 539166, at *7 (S.D. Cal. Jan. 23, 2018) (same).

//
//
//
//
//
//
//
//
//

---

[1] In its reply brief, NuLids argues for the first time that because the method claims of the '621 Patent utilize a specific device, NuLids's products do not infringe the '621 Patent. ECF No. 2 at 2-6. The Court declines to consider this specific argument because it was raised for the first time in a reply brief. *See Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) ("'[A] district court need not consider arguments raised for the first time in a reply brief.'" (quoting *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)); *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("[R]eply briefs . . . do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) ("[I]t is improper for a party to raise a new argument in a reply brief.").

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant NuLids's Rule 12(b)(6) motion to dismiss Plaintiff BlephEx's complaint.[2] NuLids must file an answer to BlephEx's complaint within fourteen (14) days from the date this order is filed. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated: September 26, 2023

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge

---

[2] In its opposition brief, BlephEx requests that the Court award BlephEx its attorneys' fees and costs for opposing NuLids's motion to dismiss. ECF No. 21 at 3, 20. The Court denies BlephEx's request for fees. BlephEx does not support its request for fees with any legal authority, and the Court does not find an award of fees to be appropriate in this situation.