UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLEPHEX, LLC,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　v.<br><br>NULIDS, LLC,<br><br>　　　　Defendant/Counter-Plaintiff. | Case No.: 23-cv-578-RSH-SBC<br><br>**ORDER DENYING NULIDS, LLC'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER & COUNTERCLAIM**<br><br>[ECF No. 54] |

Defendant and Counter-Plaintiff NuLids, LLC, moves for leave to file an amended answer and counterclaim. ECF No. 54. For the reasons below, the Court denies the motion.

**I.     BACKGROUND**

Plaintiff and Counter-Defendant BlephEx, LLC ("BlephEx" or "Plaintiff"), is the legal owner by assignment of U.S. Patent No. 11,083,621 ("the '621 Patent"), related to what BlephEx describes as "an electromechanical device [] with a soft and resilient tip that safely contacts and removes debris from the eyelids and eyelid margin—encouraging healing and preventing reoccurrence of disorders involving the eyelids and eyelid margin."

1

Compl., ECF No. 1 ¶¶ 2, 12. Plaintiff alleges that Defendant and Counter-Plaintiff NuLids, LLC ("NuLids" or "Defendant"), despite being aware of the BlephEx device, began selling two similar devices—the "NuLids" and the "NuLids Pro"—which infringe on the '621 Patent. ECF No. 1 ¶¶ 32–38. Accordingly, BlephEx filed on March 31, 2023, a complaint against NuLids asserting two claims for: (1) willful direct patent infringement under 35 U.S.C. §§ 271(a), 284–85; and (2) willful inducement of patent infringement under 35 U.S.C. §§ 271(b), 284–85. ECF No. 1 ¶¶ 72–91.

On September 26, 2023, the Court denied NuLids's motion to dismiss. ECF No. 31. After receiving an extension of time, NuLids timely filed its Answer on October 17, 2023. ECF Nos. 37, 40. In its Answer, NuLids asserted eight affirmative defenses, and two counterclaims for: (1) declaratory judgment of patent non-infringement; and (2) declaratory judgment of patent invalidity. ECF No. 40 at 8–12. BlephEx timely filed its Answer to NuLids's counterclaims on November 7, 2023. ECF No. 44.

NuLids subsequently filed this motion for leave to amend its Answer and Counterclaims on March 18, 2024, seeking to add a third counterclaim for tortious interference with prospective economic advantage and to revise an affirmative defense. ECF No. 54 at 8–9, 12–14. After receiving an extension of time, BlephEx timely filed its opposition to NuLids's motion. ECF No. 60. NuLids did not file a reply.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Outside of certain specified time periods during which a party may amend a pleading as a matter of course, Rule 15 allows a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Any motion requesting a court order must "state with particularity the

grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1)(B).

To determine whether to grant leave to amend, courts generally consider five factors the Supreme Court established in *Foman v. Davis*: (1) undue delay, (2) the movant's bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.  ANALYSIS

NuLids's motion seeks leave to file an amended answer "to introduce new evidence that was recently uncovered by counsel . . . ." ECF No. 54 at 1. The Amended Answer attached to NuLids's motion adds a third counterclaim for tortious interference with prospective economic advantage and revises a portion of its third affirmative defense of patent invalidity. *See* ECF No. 54-2 at 8–9, 12–14. NuLids's motion asserts two arguments in support of amendment.

First, referring to the scheduling order in this matter, NuLids argues "this amendment is permitted because the Court's Order [] allows amended pleadings to be filed by . . . March 18, 2024." ECF No. 54 at 1 (citing ECF No. 51). While NuLids filed its motion by the applicable scheduling order deadline, the scheduling order merely sets a deadline for parties to file such motions—it does not entitle the parties to amendment as a matter of right. *See* ECF No. 51 at 1 ("Any motion . . . to amend the pleadings, or to file additional pleadings shall be filed by March 18, 2024."). Federal Rule of Civil Procedure 7 still requires NuLids to "state with particularity the grounds for seeking the order" to meet its burden for amendment. Fed. R. Civ. P. 7(b)(1)(B).

Second, NuLids maintains that "[t]he Court should grant Defendant leave to file the Amended Answer because Defendant promptly sought leave to file an Amended Answer

after uncovering new evidence, necessitating the amendment. There is no bad faith or dilatory motive on the part of the Defendant." ECF No. 54 at 1. NuLids does not meaningfully address the *Foman* factors in its motion. Indeed, NuLids does not mention the relevant legal standard. Instead, NuLids asserts conclusory statements regarding only two of the factors—undue delay and the movant's bad faith or dilatory motive. NuLids does not explain what new evidence it discovered, when it was discovered, or how the evidence provided NuLids with knowledge it did not have when it initially filed its Answer. Even with the presumption in favor of amendment, this is insufficient to meet NuLids's initial burden for amendment. *See Kimber v. Grant*, No. 16-cv-1472-BEN-AGS, 2017 WL 902139, at *3 (S.D. Cal. Mar. 6, 2017) (denying motion to amend because "Plaintiff's Motion to Amend lacks any explanation as to why he should be granted leave."). Accordingly, the Court denies NuLids's motion.[1]

## IV. CONCLUSION

For the above reasons, the Court **DENIES** NuLids's motion for leave to file an amended answer and counterclaims, ECF No. 54.

**IT IS SO ORDERED.**

Dated: June 28, 2024

Hon. Robert S. Huie
United States District Judge

---

[1] In its response brief, BlephEx notes that NuLids failed to confer before filing this motion. ECF No. 60 at 2. The Court has previously stricken NuLids's filings for failure to comply with the Local Civil Rules and Chambers Civil Procedures. *See* ECF Nos. 61, 62, 67, 68, 69. NuLids's motion also fails to comply with several Local Civil Rules and Chambers Civil Procedures. *See, e.g.*, CivLR 5.1(a) (requiring specific formatting for motions); CivLR 5.1(j) (requiring specific information on a motion's cover page); CivLR 7.1(f)(1) (requiring motions to include a memorandum and notice); Chambers Civ. Pretrial & Trial Proc. § III(A)–(B) (requiring conference of counsel and noticed motions).